UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG LAMBERT, I and            )
LADONNA LAMBERT,               )
                                )
    Plaintiffs,                    )
                                )        No. 3:19-cv-00893
v.                              )
                                )
DAVIDSON COUNTY, DISTRICT       )
ATTORNEY,                       )
                                )
    Defendants.                    )

## MEMORANDUM OPINION

Plaintiffs Craig Lambert, I and Ladonna Lambert, on behalf of their deceased son, brought

this lawsuit under 42 U.S.C. § 1983 and the Tennessee Open Records Act alleging that Defendants[1]

did not adequately investigate their son's murder because he was a "black male youth." Before the

Court is Defendants' Motion to Dismiss Amended Complaint (Doc. No. 21), which has been fully

briefed by the parties (see Doc. Nos. 22, 25). For the following reasons, the motion will be granted.

## I.    FACTUAL ALLEGATIONS AND BACKGROUND[2]

Plaintiffs allege that Davidson County Assistant District Attorney Dan Hamm "and the

attorneys assisting him acting as authorized representatives of the Davidson County District

Attorney and the State of Tennessee failed to meet the basic requirements of competence" during

---

[1] It is unclear from the Amended Complaint (Doc. No. 20) (hereinafter "Complaint" or "Compl.") who is being sued in this case. For example, the "Davidson County, District Attorney" is the only defendant listed in the case caption, yet the Complaint makes specific allegations against the Davidson County District Attorney's Office, Assistant District Attorney Dan Hamm, the attorneys assisting him, "other individuals who are unknown and unnamed at this time," Davidson County, and the State of Tennessee. For ease of reference, the Court will refer to these potential parties collectively as "Defendants" unless it is required to address them individually.

[2] The Court draws the facts in this section from the Complaint and assumes the truth of those facts for purposes of ruling on the instant motion. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

the prosecution of Brandon Horton, who was indicted and tried on July 10, 2017 for the murder of Plaintiffs' son Craig Lambert, II. (Compl. ¶¶ 7–11.) According to Plaintiffs, the Davidson County District Attorney's Office "profiled [Plaintiffs' son] as a black male youth who was necessarily criminally culpable due to his associations and ethnic background" and, because of this racial prejudice, failed to make any reasonable effort to locate the murder weapon, investigate Horton's possession of a handgun, order DNA testing, or interview key witnesses. (Id. ¶ 9, 11.) Horton was ultimately exonerated of all charges. (Id. ¶ 18.)

As a result, Plaintiffs now seek monetary damages, attorneys' fees, and costs under § 1983, alleging that Defendants violated their son's Fourth, Fifth, and Fourteenth Amendment rights by stereotyping him as a black male and inadequately developing the case against Horton.[3] (Id. ¶¶ 11–12, 14–15, 20.) Mr. Lambert, I also claims that these "failings" caused him to suffer "severe emotional anxiety and trauma which bore physical manifestation." (Id. ¶ 16.) Plaintiffs also seek an injunction requiring Defendants to grant their requests under the Tennessee Open Records Act, Tenn. Code Ann §§ 10-7-501 *et seq.*, for public records related to the investigation and prosecution of their son's murder. (Compl. ¶¶ 18–20.) In response, Defendants have now moved to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6).

## II.    LEGAL STANDARD

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014) (citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994)). Where, as here, defendants make a

---

[3] In Tennessee, potential § 1983 claims survive the claimant's death. See Grady v. Madison Cnty., Tenn., No. 1:19-cv-01153-STA-tmp, 2020 WL 3036891, at *4 (W.D. Tenn. June 5, 2020).

2

facial attack, the Court must take all of the allegations in the Complaint as true and determine "whether the plaintiff has alleged a basis for subject matter jurisdiction." Id. "A facial attack on subject matter jurisdiction is reviewed under the same standard as a [Rule] 12(b)(6) motion to dismiss." Mclemore v. Gumucio, No. 3:19-cv-00530, 2020 WL 7129023, at *3 (M.D. Tenn. Dec. 4, 2020) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all of the Complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957) (internal quotation marks omitted), and the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). Nevertheless, the allegations "must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Eidson v. State of Tenn. Dept. of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

## III.  ANALYSIS

Defendants move to dismiss Plaintiffs § 1983 claims, arguing that (1) Defendants are entitled to sovereign immunity; (2) Defendants are entitled to prosecutorial immunity to the extent

3

they are being sued in their individual capacities; (3) Plaintiffs failed to allege any constitutional violations; and (4) Plaintiffs' claims are otherwise time-barred. (See Doc. No. 22 at 1–9, 12.) Defendants also ask the Court to decline supplemental jurisdiction over Plaintiffs' Tennessee Open Records Act claim, or, alternatively, to dismiss that claim under the Rooker-Feldman doctrine. (Id. at 9–12.)

Because Defendants have raised sovereign immunity as a threshold defense to the Court's subject matter jurisdiction, the Court must address that issue first. See Russell v. Lundergan-Grimes, 784 F.3d 1037, 1046 (6th Cir. 2015) (holding that once sovereign immunity is raised as a jurisdictional defect, it must be decided before the merits). The Court will then analyze the merits of Plaintiffs' § 1983 claims and determine whether it should exercise jurisdiction over Plaintiffs' state law claim.

A.      Sovereign Immunity

Sovereign immunity generally deprives federal courts of subject matter jurisdiction when a citizen sues a State or state official. See Grimes, 784 F.3d at 1046 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). Due to "the nature of sovereignty itself as well as the Tenth and Eleventh Amendments to the United States Constitution," States are generally immune from private suits in federal courts. S & M Brands, Inc. v. Cooper, 527 F.3d 500, 507 (6th Cir. 2008) (citations omitted). "The immunity also applies to actions against state officials sued in their official capacity for money damages" because "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, i.e., against the State." Id. (citations and internal quotation marks omitted).

The "State of Tennessee . . . enjoys sovereign immunity under the Eleventh Amendment for claims seeking damages brought under Section 1983." Poole v. Tenn., No. 1:17-CV-77, 2017 WL 9250370, at *1 (E.D. Tenn. June 29, 2017) (collecting cases). And because Plaintiffs' § 1983

4

claims against the Davidson County District Attorney, Assistant District Attorney Dan Hamm, and other unnamed assistants in their *official* capacities are, in effect, claims against the State of Tennessee, those defendants are also protected by sovereign immunity.[4] See White *ex rel.* Swafford v. Gerbitz, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (explaining that a cause of action against the district attorney or assistant district attorneys, in their official capacities, constitutes an action against the state because those individuals prosecute suits on behalf of the state and receive an annual salary payable out of the state treasury); see also Boone v. Kentucky, 72 F. App'x 306, 307 (6th Cir. 2003) (holding that plaintiff's "request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and [is] also barred by the Eleventh Amendment"). Likewise, the Davidson County District Attorney's Office is entitled to sovereign immunity because it is comprised of state employees who are paid by the State of Tennessee. See Brown v. Tenn., No. 3:13-cv-00191, 2013 WL 4508658, at *7 (M.D. Tenn. 2013); see also Hemenway v. 16th Judicial Dist. Att'y's Office, No. 3:15-cv-00997, 2020 WL 6364486, at *4 (M.D. Tenn. Oct. 29, 2020) (collecting cases and noting that "this Court has repeatedly found that suits against the offices of the district attorneys general are suits against the State of Tennessee").

The Court's analysis does not end there, however, because there are three potential exceptions to sovereign immunity: (1) when the State consents to suit and thereby waives its immunity; (2) when Congress has properly abrogated the State's immunity; or (3) when the exception set forth in Ex Parte Young, 209 U.S. 123 (1908) applies. S & M Brands, Inc., 527 F.3d at 507. Plaintiffs have not and could not argue that the first two exceptions apply here because

---

[4] The Complaint also makes allegations against Davidson County, but sovereign immunity "does not extend to counties and similar municipal corporations." S.J. v. Hamilton Cnty., 374 F.3d 416, 419–20 (6th Cir. 2004) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

5

Tennessee has not consented to suit under § 1983, Tenn. Code Ann. § 20-13-102; Berndt v. Tenn., 796 F.2d 879, 881 (6th Cir. 1986), and Congress has not abrogated States' sovereign immunity against § 1983 claims, Will v. Mich. Dept. of State Police, 491 U.S. 58, 67 (1989). Instead, Plaintiffs assert that "the Ex [P]arte Young exception . . . applies to this case[,]" without providing any further analysis. (Doc. No. 25 at 1.)

"The exception set forth in Ex Parte Young allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations, 'regardless of whether compliance might have an ancillary effect on the state treasury.'" Boler v. Earley, 865 F.3d 391, 412 (6th Cir. 2017) (quoting S & M Brands, Inc., 527 F.3d at 507). But binding Sixth Circuit case law makes clear that this exception "does not extend to retroactive relief or claims for money damages." Id. (citing S & M Brands, Inc. at 508; Edelman v. Jordan, 415 U.S. 651, 663 (1974)). Thus, the Ex Parte Young exception does not apply in this case because (1) Plaintiffs have not alleged any ongoing violations of federal law, and (2) Plaintiffs' federal claims seek only monetary damages rather than prospective injunctive relief.

Accordingly, to the extent Plaintiffs assert § 1983 claims against the State of Tennessee, the Davidson County District Attorney's Office, the Davidson County District Attorney in his official capacity, Assistant District Attorney Dan Hamm in his official capacity, or other unnamed assistants in their official capacities, those claims will be dismissed for lack of subject matter jurisdiction based on sovereign immunity.

Normally, dismissal for lack of subject matter jurisdiction should be without prejudice. Thompson v. Love's Travel Stops & Country Stores, Inc., 748 F. App'x 6, 11 (6th Cir. 2018) (collecting cases). However, even if the Court dismissed Plaintiffs' claims against these Defendants without prejudice, it would have no practical significance because any future related

6

claims would be barred by the applicable one-year statute of limitations in Tenn. Code Ann. § 28-3-104(3). (Accord Doc. No. 25 at 2 (arguing that the statute of limitations for Plaintiffs' claims expired in October 2019).) Therefore, the Court will dismiss Plaintiffs' § 1983 claims against the State of Tennessee, the Davidson County District Attorney's Office, the Davidson County District Attorney in his official capacity, Assistant District Attorney Dan Hamm in his official capacity, and the other unnamed assistants in their official capacities with prejudice.

      B.     <u>Section 1983 Claims</u>

          1.     Individual Capacity

The Court's analysis continues further because it is unclear from the Complaint whether Plaintiffs have alleged any individual capacity claims. The Complaint's introduction paragraph explains that Plaintiffs are suing "the Defendant, Davidson County, District Attorney, in their official capacity," but nothing in the Complaint or Plaintiffs' opposition brief explicitly states whether the Davidson County District Attorney, Assistant District Attorney Dan Hamm, or other unnamed assistants are also being sued in their individual capacities.

"Absent a clear notification that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities, only." United States <u>ex rel</u> <u>Diop v. Wayne Cnty. Cmty. College Dist.</u>, 242 F. Supp. 2d 497, 517 (E.D. Mich. 2003). "However, this presumption does not apply if the 'course of proceedings' indicates that a defendant was otherwise on notice that she was sued in both capacities." <u>Tanney v. Boles</u>, 400 F. Supp. 2d 1027, 1037 (E.D. Mich. 2005) (citing <u>Moore v. City of Harriman</u>, 272 F.3d 769, 772 (6th Cir. 2001)). "The 'course of proceedings' test considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." <u>Moore</u>, 272 F.3d at 772 n.1.

Here, the Complaint references "qualified immunity" and "punitive damages" (Compl. ¶¶ 10, 12), both of which are available only in individual capacity cases. Jones v. Montgomery, No. 15-1142, 2016 WL 320992, at *2 n.3 (W.D. Tenn. Jan. 25, 2016) (collecting cases). Defendants also included a section in their motion to dismiss titled: "Defendants, in their individual capacities, enjoy absolute prosecutorial immunity." (Doc. No. 22 at 5–8.) These factors show that Defendants were at least on notice that they were potentially being sued in their individual capacities. Thus, the Court will address Plaintiffs' § 1983 claims as if they were also asserted against the Davidson County District Attorney, Assistant District Attorney Dan Hamm, and the other unnamed assistants in their individual capacities.

2.  Alleged Constitutional Violations

At this point in the analysis, the Court has the option of either addressing whether the Davidson County District Attorney, Assistant District Attorney Dan Hamm, or the other unnamed assistants are entitled to absolute prosecutorial immunity in their individual capacities or whether Plaintiffs have plausibly alleged any constitutional violations. But because a decision on prosecutorial immunity would not resolve Plaintiffs' potential municipality claim, see infra Section III.B.3, the Court has decided to address the merits of Plaintiffs' § 1983 claims next.

Section 1983 provides that "an individual may bring a private cause of action against anyone who, acting under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted). "To state a claim under . . . § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006) (citing West v. Atkins,

8

487 U.S. 42, 48 (1988)). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 273 (1994) (citation omitted).

Here, Plaintiffs allege that Defendants, acting "under color of state law," violated their son's "right to due process as a victim of homicide" under the Fourth, Fifth, and Fourteenth Amendments because:

a) No one tested [their] son's clothes for anyone's blood, or DNA. The defense attorney stated that detectives and the D.A. office never signed any evidence out from the property room for testing.

b) The defense attorney asked the detective[:] what did you do to prepare for this trial? The detective didn't test any evidence among other things and replied (by sworn testimony) . . . nothing!

c) D.A. failed to use favorable evidence including a video tape and 3 witnesses. Moreover, the D.A.'s office failed to separate witnesses at trial leading to unreliable testimony.

(Compl. ¶¶ 6, 11 (citations omitted).) But even when these allegations are accepted as true and viewed in the light most favorable to Plaintiffs, the Court cannot reasonably infer that Defendants committed any constitutional violations.

First, Plaintiffs have not alleged any facts to support a claim under the Fourth Amendment, which protects "against unreasonable searches and seizures." U.S. Const. amend. IV. Although the Complaint makes a few passing references to the Fourth Amendment (Compl. ¶¶ 3, 14), it does not allege any facts to show that Defendants illegally searched, detained, arrested, or prosecuted Plaintiffs' son. Therefore, Plaintiffs' Fourth Amendment claim must be dismissed.

Second, the "Fifth Amendment only prohibits due process violations by the *federal* government." Hamilton's Bogarts, Inc. v. Mich., 501 F.3d 644, 649 n.3 (6th Cir. 2007) (emphasis added); see also Scott v. Clay Cnty., Tenn., 205 F.3d 867, 873 n.8 (6th Cir. 2000) ("The Fourteenth Amendment's Due Process clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal

9

government."). Because none of the potential defendants in this case are federal government entities or instrumentalities of the federal government, Plaintiffs' Fifth Amendment claim must also be dismissed.

Last, Plaintiffs have not plausibly alleged that Defendants violated the substantive due process component of the Fourteenth Amendment by depriving their son of his "due process right to a fair and impartial juridical proceeding," his "right to safety of his person," or his "right to have the underlying crime fairly enforced against the accused." (Compl. ¶¶ 14–15.) True, the Fourteenth Amendment "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious [state] government action." Gutzwiller v. Fenik, 860 F.2d 1317, 1328 (6th Cir. 1988). But Plaintiffs have not alleged that any potential defendant physically injured their son, and Sixth Circuit case law confirms that homicide victims do not have a fundamental, constitutional right to an adequate criminal investigation and prosecution of a murder suspect. See Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Miller v. Dowagiac Police Depts., No. 96-2141, 1997 WL 640127, at *3–4 (6th Cir. Oct. 14, 1997) (deciding not to disturb the district court's holding that there is no constitutional right "to have a criminal case properly investigated and prosecuted by state authorities"); see also Weaver v. Moamis, No. 4:14cv311, 2014 WL 4425742, at *3 (N.D. Ohio Sept. 8, 2014) ("Even assuming he was victimized by an officer, Plaintiff has no constitutional right to investigation and prosecution."). And although Plaintiffs assert that their son's alleged "denial of due process amounts to an abuse of process" (Compl. ¶ 11), "a federal abuse of process claim does not exist in the law of this circuit." Rapp v. Dutcher, 557 F. App'x 444, 448 (6th Cir. 2014) (citations omitted). Thus, Plaintiffs' Fourteenth Amendment claim must also be dismissed.

10

In sum, Plaintiffs have not plausibly alleged the essential element of a constitutional violation, and the Court must dismiss their potential § 1983 claims against the Davidson County District Attorney, Assistant District Attorney Dan Hamm, and the other unnamed assistants[5] in their individual capacities. Given this conclusion, the Court does not need to address Defendants' arguments regarding prosecutorial immunity and timeliness.

        3.     Municipal Liability

Plaintiffs may have also asserted a § 1983 municipal liability claim because under the heading "Parties," the Complaint lists "Davidson County" and describes it as "a county government organized under the laws of the State of Tennessee." (Compl. ¶ 2.) Although municipalities like Davidson County can be sued under § 1983, they are responsible only for their own illegal acts and cannot be held vicariously liable for their employees' actions. Connick v. Thompson, 563 U.S. 51, 60 (2011) (citations and internal quotation marks omitted). "Instead, a municipality is liable under § 1983 only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)).

To the extent Plaintiffs assert a municipality claim against Davidson County, that claim fails because there are no allegations in the Complaint regarding *any* Davidson County policy, custom, or practice. And even if the Complaint contained those allegations, the Court would still

---

[5] Plaintiffs' claims against the unnamed attorneys and individuals are also subject to dismissal under Rule 4(m). See Campbell v. Anderson Cnty., 695 F. Supp. 2d 764, 776 (E.D. Tenn. 2010) ("Plaintiff has yet to identify any of these unknown officers and, because she has failed to [identify] them, she has also failed to serve them, clearly in violation of the 120-day window provided by [Rule] 4(m)[,] [and] . . . even if plaintiff were permitted to file her claims today against any other police officer, those claims would be barred by the applicable statute of limitations").

dismiss the municipality claim as a matter of law because, as explained above, Plaintiffs have not plausibly alleged any constitutional violations. Robertson v. Lucas, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under Monell without an underlying constitutional violation."). Accordingly, any claims brought against Davidson County will be dismissed.

### C. Supplemental Jurisdiction Over Tennessee Open Records Act Claim

Having dismissed Plaintiffs' federal claims, the Court has decided not to retain supplemental jurisdiction over the remaining Tennessee Open Records Act claim because, pursuant to 28 U.S.C. § 1367(c)(3), there is a "strong presumption in favor of declining to exercise jurisdiction over supplemental state-law claims after dismissing federal anchor claims." Martinez v. City of Cleveland, 700 F. App'x 521, 523 (6th Cir. 2017); see also Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992) (holding that "if the federal claims are dismissed before trial, . . . the state claims [generally] should be dismissed as well"). Fairness and comity dictate that the Tennessee courts should decide this claim, which alleges that state actors violated state law.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Amended Complaint (Doc. No. 21) will be granted. Plaintiffs' § 1983 claims based on allegations against the State of Tennessee, Davidson County, the Davidson County District Attorney's Office, the Davidson County District Attorney, Assistant District Attorney Dan Hamm, and other unnamed individuals will be dismissed with prejudice. Plaintiffs' Tennessee Open Records Act claim will be dismissed without prejudice.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE